# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| ASTGHIK IKNATIAN, | Case No. CV-10-54-BLG-RFC |
|---|---|
| Plaintiff, | |
| vs. | **ORDER** |
| UNITED STATES OF AMERICA | |
| Defendant. | |

Presently before the Court is Plaintiff Astghik Iknatian's Motion to (1) Strike Attorney General Certification; (2) Set aside the substitution of the United States as Defendant; and (3) Remand to state court. In addition, Plaintiff requests a hearing on said motion.

FACTUAL BACKGROUND

On December 31, 2009, at approximately 6:45 a.m., Plaintiff Iknatian was crossing the intersection at Montana Avenue and North 31st Street when she was struck by a vehicle that was driven by Billings Police Officer Brett Kruger.  Plaintiff sustained medical injuries.

Plaintiff brought suit against Brett Kruger in the 13th Judicial District for the State of Montana, Yellowstone County.  Upon certification by U.S. Attorney Michael W. Cotter that, at the time of the accident, Officer Kruger was acting within the scope of federal employment as an employee for the U.S. Federal Bureau of Investigation, the action was removed to this Court and the United States was substituted as the Defendant in place of Kruger.

Officer Kruger is a detective for the Billings Police Department.  At the time of the accident, Kruger was on his way to work at his new assignment with the FBI's Big Sky Safe Streets Task Force ("Task Force").  The Task Force is operated by the FBI pursuant to a Memorandum of Understanding between the FBI, Yellowstone County Sheriff's Office, Billings Police Department, the Montana Department of Corrections, and Adult Probation and Parole.

Officer Kruger had been a member of this Task Force from 2005-2008.[1] On December 15, 2009, he was again selected for assignment with this task force.[2] His first day of the second assignment was on or about December 25, 2009.[3] However, due to delays and errors in the processing of paperwork and completion of Kruger's background check at the FBI Salt Lake City Office, Kruger was not formally re-deputized until April 22, 2010.[4]

At the time of the accident, Supervisory Senior Resident Agent for the FBI Eric Barnhart states Kruger was being supervised by the FBI and was working full time for the Task Force.[5] In addition, the vehicle that Kruger was driving at the time of the accident was an FBI-leased vehicle.[6] Lastly, at the time of the accident, Kruger was considered to be on "on-call" duty status for emergency response and after-hours "call-outs."[7]

---

[1] *DECLARATION OF ERIC K. BARNHART (Doc. # 13), ¶4.*

[2] *Id.*

[3] *Id.*

[4] *Id. at ¶5.*

[5] *Id. at ¶6.*

[6] *Id. at ¶7.*

[7] *Id.*

DISCUSSION

In bringing the present motion, Plaintiff seeks to (1) Strike Attorney General Certification; (2) Set aside the substitution of the United States as Defendant; and (3) Remand to state court.  In the alternative, Plaintiff contends that she has presented sufficient evidence that would warrant this Court to allow her additional discovery to delve further into the nature of Kruger's employment.

1. ***Attorney General Certification***

In support of her Motion to Strike the Attorney General Certification, Plaintiff argues that the Certification is invalid.  Specifically, Plaintiff contends that,

1. the certification does not certify that Brett Kruger was an employee of the United States;

2. Brett Kruger was not an employee of the United States; and

3. Brett Kruger was not acting within the scope of his employment at the time of the accident at issue.

This Court has reviewed the certification and it simply reflects a basic recitation of U.S. Attorney Michael Cotter's review of Plaintiff's Complaint and his authority and decision to certify that Brett Kruger was "acting as an employee of the United States, and was acting within the scope of his employment at the time of the

4

incident alleged in the complaint."[8]

A review of certifications similar to the one provided in this case reflect that this language satisfies the requirements of U.S.C. § 2679(d)(1).  Martinez v. U.S., 356 Fed.Appx. 979 (9th Cir. 2009); Seneca v. United South And Eastern Tribes, 318 Fed.Appx. 741, 744 (11th Cir. 2008).  Moreover, certification is conclusive for the purposes of removal.  Osborn v. Haley, 549 U.S. 225, 229-30 (2007) Martinez v. Lamagno, 515 U.S. 417, 430-31 (1995).  Plaintiff's remedy is then to challenge the substitution of the United States by challenging the scope-of-employment certification.  Id.

Plaintiff's arguments that the certification is insufficient because it needed to state explicitly that Kruger was an employee within the scope of his federal employment is unpersuasive and without authority.  This Court concludes that U.S. Attorney Cotter's certification that Kruger was "acting as an employee of the United States" is sufficient.  Plaintiff's Motion to Strike Certification on this ground is DENIED.

Next, Plaintiff argues that Kruger was not an employee of the United States.  Rather, he was an employee of the Billings Police Department.  In support, Plaintiff

---

[8] *NOTICE OF SUBSTITUTION (Doc. # 3), Exhibit A, Certification of Scope of Employment under 28 U.S.C. § 2679(d).*

5

cites numerous exhibits that establish Kruger as a Billings City Police Officer.  In addition, through affidavits, Plaintiff alleges that she was given the indication that the damages would be covered by the City of Billings.[9]

The Attorney General's decision regarding scope of employment certification is prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident, and the certification is conclusive unless challenged. 28 U.S.C. § 2679(d)(1)-(4); *see also* Green v. Hall, 8 F.3d 695, 698 (9th Cir.1993). The party challenging the certification is required to present evidence disproving the Attorney General's certification by a preponderance of the evidence. Billings v. U.S., 57 F.3d 797, 800 (9th Cir.1995); *see also* Larsen v. Fredericksen, 277 F.3d 1040, 1041 (8th Cir.2002) (a party challenging the Attorney General's certification has the burden of coming forward with specific facts rebutting the certification).

The plaintiff, however, may not be able to "discharge this burden without some opportunity for discovery." Stokes v. Cross, 327 F.3d 1210, 1214 (D.C.Cir. 2003). Therefore, "to obtain discovery and an evidentiary hearing, [the plaintiff] need only [allege] sufficient facts that, taken as true, would establish that the

---

[9]*PLAINTIFF'S MOTION TO STRIKE (Doc. # 6), Exhibits A & B, Affidavits of Astghik Iknatian and Seroge Iknatian.*

defendants' actions exceeded the scope of their employment." Id. at 1215. This must be balanced against the congressional intent "to protect federal employees from the uncertain and intimidating task of defending suits that challenge conduct within the scope of their employ." Brown v. Armstrong, 949 F.2d 1007, 1011 (8th Cir.1991).

After review and consideration, this Court concludes that Plaintiff's argument fails to disprove the Attorney General's certification. At best, Plaintiff has simply established that Kruger was a Billings Police Officer. Plaintiff has presented no support that Kruger was not acting as an employee of the United States at the time of the accident.

To the contrary, the Affidavit of Eric Barnhart clearly reflects that at the time of the accident, Kruger was driving an FBI-leased vehicle and under the control and supervision of the FBI.[10] Further, at that time, Kruger was considered to be on on-call duty for emergency response and after-hours "call-outs."[11]

Kruger's Declaration reflects that he received formal assignment to the Task Force by Police Chief St. John on December 23, 2009 and that he turned in his

---

[10]*DECLARATION OF ERIC K. BARNHART (Doc. # 13)*¶¶ 6-7.

[11]*Id.*

assigned BPD automobile, cell phone and gas card.[12]  In addition, he moved his personal belongings from the BPD Divisional Offices to the Task Force office that was located in the U.S. Marshal Service Office in Billings.[13]

The Declaration of Eric Barnhart further evidences this when he states that the Task Force, of which Kruger is a member of, is managed and run by FBI personnel.[14]  And that although the Billings Police Department selects the officers for assignment with the Task Force, the FBI has the authority and control over Task Force personnel.[15]

For these reasons, the Court concludes that Kruger was not in the employ of the Billings Police Department at the time of the accident.  Further, the undisputed record reflects that Kruger was working for the FBI and therefore was acting as an employee of the United States at the time of the accident.  Therefore, Plaintiff's Motion to Strike Certification on this ground is DENIED.

Lastly, Plaintiff contends that Kruger was not acting within the scope of his employment with the FBI at the time of the incident.  Specifically, Plaintiff argues

---

[12]*DECLARATION OF BRETT KRUGER (Doc. #15), ¶3.*

[13]*Id.*

[14]*DECLARATION OF ERIC K. BARNHART (Doc. # 13)¶¶ 8-10.*

[15]*Id.*

that, at the time of the accident, Kruger was commuting to work and that under Montana law, commuting is not within the scope of a person's employment.  In addition, Plaintiff argues that just because Kruger was on-call at the time of the accident, does not mean he was within the scope of his employment.

An employer is liable for the acts of an employee only when the employee is acting "within the scope of his or her duties to the employer."  Bowyer v. Loftus, 346 Mont. 182, ¶ 8 (2008); Kenyon v. Stillwater County, 254 Mont. 142 (1992) ("Governmental entities in Montana are subject to liability for their own wrongful conduct and that of their employees acting within the scope of their duties." (*citing* § 2-9-102, MCA)).

In support of her argument that Kruger's act of driving to work was not in the scope of his employment, Plaintiff draws an analogy to injuries sustained "going to or coming from work" as it has been applied under Montana's Workers Compensation law.  In that context, absent an agreement between employer and employee, recovery for injuries suffered while an employee is commuting to and from work are generally not recoverable under worker's compensation.  Hagerman v. Galen State Hospital, 174 Mont. 249, 251 (1977).

This is distinguishable from our present case in that Kruger, as the commuter, is not seeking recovery for any work-related injuries.  Moreover, at the time of the

9

accident, Kruger was driving an FBI-leased vehicle and was considered to be on "on-call" duty status and subject to emergency response and after-hours call-outs.[16] Additionally, Kruger's supervisor, FBI Supervisory Senior Resident Agent Eric Barnhart states that like FBI agents, Task Force Officers are considered to be on duty when operating their assigned FBI vehicles.[17]  Based on these facts, this Court concludes that Kruger was acting within the scope of his employment at the time of the tortious conduct.  Wilkinson v. Gray, 523 F.Supp. 372 (E.D.Va.1981), *aff'd.*, 677 F.2d 998 (4th Cir.1982).

CONCLUSION

For the foregoing reasons, this Court finds that the Attorney General Certification is valid and that Officer Kruger was working for the FBI Task Force and acting within the scope of his employment at the time of the accident.  Given this ruling, this Court concludes that it need not reach Plaintiff's remaining motions for substitution of the United States and remand as they are moot.

---

[16] Relying on Philips v. Lake County, 222 Mont. 42, 55 (1986), Plaintiff also argues that Kruger's on-call duty status is different from actual work time and therefore cannot be considered for purposes of establishing that Kruger was acting within the scope of his employment at the time of the accident.  However, Philips is distinguishable from our present case because it involved deputy sheriffs seeking compensation for unpaid overtime hours.  There, the Philips Court limited its discussion to whether being on "on-call" duty was compensable or not.  The Philips Court made no discussion of whether on-call hours were within the scope of employment.  As such, this Court finds Plaintiff's citation to Philips to be inapplicable to our present facts.

[17] *DECLARATION OF ERIC K. BARNHART (Doc. # 13)*¶7.

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff Astghik Iknatian's Motions (*Doc. #5*) to (1) Strike Attorney General Certification; (2) Set aside the substitution of the United States as Defendant; and (3) remand to state court are DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for a Hearing (*Doc. # 17*) is also DENIED.

The Clerk of Court shall notify the Parties of the making of this Order.

DATED this 28th day of September, 2010.

    */s/ Richard F. Cebull*
RICHARD F. CEBULL
U. S. DISTRICT JUDGE